WANGSNESS, Respondent, v. MINNEHAHA COUNTY, Appellant.

(178 N. W. 933.)

(File No. 4611.   Opinion filed August 16, 1920.)

Sheriffs—Fees of—Apprehension of Fugitive Without Extradition, Whether Entitled to Outside Mileage—Statutes Construed— Bad Complaint.

Under Sec. 5962, Rev. Code 1919, providing, among other things, for traveling expenses of sheriff "for each mile actually and necessarily traveled," and Sec. 5956, providing that sheriff shall keep and preserve peace within his county, * * pursue and apprehend all felons, and execute all writs, warrants, etc., directed to him by legal authority, such officer is not entitled to foreign mileage on a trip from his county to a point in a sister state, with a warrant for arrest of the person sought to be apprehended, no extradition having been issued; that Sec. 5962 was intended to cover compensation for performance of duties prescribed by statute; and neither section authorizes apprehension of a fugitive from justice outside the state and

bringing him into the state without extradition; such statutory duties so prescribed being limited to those performed within state boundaries; and the complaint setting forth such facts was bad.

Whiting, J., taking no part in the decision.

Appeal from Circuit Court, Minnehaha County.   Hon. John T. Medin, Judge.

Action by Herman Wangsness, against Minnehaha County, S. D., to recover compensation as mileage outside of the state. From an order overruling a demurrer to the complaint, defendant appeals.   Reversed.

*Byron S. Payne,* Attorney General, *Edwin R. Winans,* Assistant Attorney General, and *L. E. Waggoner,* State's Attorney, for Appellant.

*Morris & Fitzpatrick,* for Respondent.

SMITH, J.   Defendant appeals from an order overruling a demurrer to plaintiff's complaint.   The complaint alleges that the plaintiff is the duly qualified and acting sheriff of the defendant county; that one Tom Feller was charged, by proper complaint, with the commission of a felony in Minnehaha county, upon which a warrant was duly and regularly issued for his arrest and placed in plaintiff's hands for execution; that said Tom Feller was arrested in the city of Chicago and there detained at the request of plaintiff, as such sheriff, to the end that he be returned to said Minnehaha county to be dealt with according to law; that plaintiff for that purpose traveled to the said city of Chicago and brought said prisoner back to Minnehaha county; that in performing said duty plaintiff actually and necessarily traveled 1,096 miles outside of the state of South Dakota, and that there is due to plaintiff as mileage therefor the sum of $80.62; that plaintiff's claim, duly verified, was presented to the board of county commissioners of said Minnehaha county for allowance, and payment thereof was refused.

The trial court ruled that under section 5956, Code 1919, it was the duty of the sheriff, among other things, to "pursue and apprehend all felons;" that the statute does not require him to stop at the county or state line, and that it was his duty to pursue felons outside of the county and state without first having obtained any other authority except as provided in this section; and

that plaintiff was entitled to receive the compensation provided by section 5962, Code 1919, "for traveling expenses, for each mile actually and necessarily traveled" in the performance of his duties. Section 5956 prescribes such duties and provides that—

"The sheriff shall keep and preserve the peace within his county. * * * He must pursue and apprehend all felons, and must execute all writs, warrants and other process from any court or magistrate, which shall be directed to him by legal authority. * * *"

The compensation prescribed by section 5962 was intended to cover compensation for the performance of duties prescribed by statute. Neither section, either expressly or by implication, authorizes the apprehension of a fugitive from justice outside the state and bringing him back into the state without extradition. Both sections refer only to duties performed by sheriffs pursuant to law within the territorial boundaries of the state.

It follows that the trial court was clearly in error in its conclusion, and that the order of the trial court must be reversed. It will be so ordered.

WHITING, J., took no part in this case.